Kitty J. Lin Bar # 251851
LEGAL HELPERS, P.C.
564 Market Street, Suite 300
San Francisco, CA 94104
Telephone: 866-339-1156
Email: kit@legalhelpers.com
Attorney for Plaintiff Catalina Cruz

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| Catalina Cruz<br><br>    Plaintiff,<br><br>v.<br><br>CollectCorp Corporation<br><br>    Defendant. | CASE NO. 5:08-cv-03728-JW<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff has brought this claim within the timeframe permitted under the FDCPA.

9. On or around December 20, 2007, Defendant telephoned Plaintiff in an attempt to collect the debt.

10. During this communication, Defendant demanded payment in full from Plaintiff as the only option for satisfying the debt.

11. Plaintiff responded that Plaintiff could not afford this arrangement and inquired as to other possibilities.

12. Defendant responded by telling Plaintiff that Defendant was in direct communication with the original creditor of the debt, and placed Plaintiff on hold while Defendant apparently discussed options with the original creditor.

13. Defendant returned from holding and offered Plaintiff another possible arrangement.

14. During the above referenced communication, Defendant placed Plaintiff on hold several times to apparently discuss payment options with the original creditor.

15. On or around December 20, 2007, Plaintiff contacted the original creditor to inquire about the collection agency assigned to Plaintiff's account.

16. During this communication, the original creditor notified Plaintiff that the original creditor does not have any contact with the Defendant once it has been sent to collections.

17. On or around December 20, 2007, Plaintiff telephoned Defendant.

18. During this communication, Defendant threatened that unless Plaintiff accepted Defendant's settlement offer, Defendant would send the case to attorneys at Defendant's office and Plaintiff would be sued.

19. On or around December 27, 2007, Defendant telephoned Plaintiff in an attempt to collect the debt.

20. During this communication, Plaintiff told Defendant that Plaintiff was unable to make any payment arrangements and was going to speak with an attorney about the possibility of filing bankruptcy.

21. Defendant responded that Plaintiff would be wasting Plaintiff's time in filing for bankruptcy because if Plaintiff filed for bankruptcy, Defendant would simply file the paperwork with Plaintiff's employer and have Plaintiff's wages garnished.

22. As a result of Defendant's threatening and abusive language, Plaintiff has experienced extreme stress and anxiety.

23. Plaintiff was terrified that Defendant would proceed with the threatened legal action against Plaintiff, and Plaintiff feared that Plaintiff would lose Plaintiff's house, that Defendant would have Plaintiff's wages garnished, which could result in Plaintiff losing Plaintiff's employment and ability to provide for Plaintiff's children, and that Plaintiff would have to appear in court and be reprimanded by a judge.

24. Plaintiff's fears caused Plaintiff to experience dramatic loss of sleep.

25. Plaintiff's inability to sleep severely interfered with Plaintiff's ability to perform her required duties at work and home.

26. Plaintiff's inability to sleep and the constant levels of stress and anxiety that Plaintiff experienced caused Plaintiff to become physically ill and hampered Plaintiff's ability to recover from this illness.

27. As a result of Defendant's actions, Plaintiff consistently felt exhausted and lost all sense of self worth, causing Plaintiff to become acutely depressed.

28. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

29. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

       RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: */s/ Kitty J. Lin*
  Kitty J. Lin
  Bar # 251851
  Attorney for Plaintiff
  564 Market Street, Ste. 300
  San Francisco, CA 94104
  Telephone:  866-339-1156
  Email:  kit@legalhelpers.com